UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RAYMONDA SINGLETON,

Plaintiff,

v.

JUSTICE SYSTEM,

Defendant.

Case No.:  3:25-cv-2748-CAB-JLB

**ORDER:**
**1) DISMISSING CIVIL ACTION AS FRIVOLOUS AND FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(i), (ii);**

**AND**

**2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS and MOTION TO SET A TRIAL DATE AS MOOT [Doc. Nos. 2, 3]**

Plaintiff Raymonda Singleton has filed this civil action against "the Justice System" seemingly in relation to her various past cases, including in this District, that sought compensation and relocation due to alleged injuries from "energy sources" in her apartment complex. [Doc. No. 1 ("Complaint") (referring to Case No. 3:21-cv-01594-CAB-LL, Case No. 3:24-cv-2278-DMS-MSB, and 9th Circuit Appeal No. 21-56108).]  Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, she has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), [Doc. No. 2], and a Motion to Set a Trial Date within 120 Days.  [Doc. No. 3.]

1

For the reasons stated below, the Court **DISMISSES** the Complaint with prejudice and **DENIES** the pending motions as moot.

## I.    SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* dismissal if it "is frivolous or malicious[,] fails to state a claim upon which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Chavez v. Robinson*, 817 F.3d 1162, 1167–68 (9th Cir. 2016) (noting that § 1915(e)(2)(B) "mandates dismissal—even if dismissal comes before the defendants are served").  Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

Complaints must also comply with Federal Rule of Civil Procedure 8, which requires that each pleading include a "short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and that each allegation "be simple, concise, and direct."  FED. R. CIV. P. 8(d)(1); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  In addition to the grounds for *sua sponte* dismissal set out in § 1915(e)(2)(B), the district court may also dismiss a complaint for failure to comply with Rule 8 if it fails to provide the defendant fair notice of the wrongs allegedly committed.  *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling").

Here, the Complaint fails to comply with Rule 8 and fails to state a claim upon which

relief can be granted.  Like Plaintiff's previous complaints, this Complaint consists of incoherent and rambling narrative alleging that "[t]he Justice System may and will and has to be held liable for Environmental Community Injustices . . . due to the imminent danger the Justice System has left me for DEAD[.]" [Complaint at 5.]  But it remains unclear what laws or rights Plaintiff claims were violated or infringed; the Complaint alludes to issues ranging from "assault, attempted mannslaughter [sic] and attempted murder" to "Environmental: Laws and Protection Agencies Vetoed."  [*Id.* at 14–15 (capitalization removed).]  Moreover, the reference to a monetary request is aimed at San Diego Gas and Electric, not the judiciary.  [*Id.* at 16.]  The Complaint is therefore frivolous and fails to state a claim upon which relief can be granted.[1]

Accordingly, even if Plaintiff is entitled to proceed IFP, the Complaint must be dismissed.  *Anderson v. Sy*, 486 Fed. Appx. 644 (9th Cir. 2012) ("The district court properly dismissed [the lawsuit] as frivolous because the complaint contains indecipherable facts and unsupported legal assertions."); *Adams v. FBI San Francisco Field Off. Supervisor & Agents*, No. 19-CV-02977-YGR (PR), 2019 WL 5626261, at *1 (N.D. Cal. Oct. 31, 2019) ("A claim that is totally incomprehensible may be dismissed as frivolous as it is without an arguable basis in law.").  Moreover, "[w]hen a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez*, 203 F.3d at 1128, n.8.  This is particularly true here, where Plaintiff has had at least prior two civil cases with similar complaints dismissed, one of which Plaintiff appealed to the Ninth Circuit and the Ninth Circuit dismissed as frivolous.

---

[1] In addition, even if the Court generously interprets Plaintiff's named defendant ("Justice System") as individual judges involved with Plaintiff's previous cases, "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986); *see also In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2022).

3:25-cv-2748-CAB-JLB

## II.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. The Complaint is **DISMISSED** without leave to amend;

2. Plaintiff's Motions to Proceed IFP, [Doc. No. 2], and Set a Trial Date, [Doc. No. 3], are **DENIED AS MOOT**;

3. The Court **CERTIFIES** that an IFP appeal from this order would be frivolous and therefore would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

4. The Clerk of Court shall **CLOSE** this case.

It is **SO ORDERED**.

Dated:  March 2, 2026

Hon. Cathy Ann Bencivengo
United States District Judge